## Homra Bros.' Assignee v. Homra et al.

(Decided Dec. 21, 1934.)

HERSCHEL T. SMITH for appellant.

D. FRED WORTH for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action to set aside a conveyance of certain real estate by a brother, Foad A. Homra, to a sister, Victoria Homra. It is charged it was executed July 27, 1932, without consideration, and with the fraudulent intent to cheat, hinder, and delay his creditors.

Section 1907, Kentucky Statutes, declares every conveyance made by a debtor ''of or upon any of his estate, without valuable consideration therefor, shall be void as to all his then existing liabilties, but shall not, on that account alone, be void as to creditors whose debts or demands are thereafter contracted.'' Section 1906 regards void every conveyance of any estate, real or personal, ''made with the intent to delay, hinder or defraud creditors, purchasers or other persons.'' This section

expressly provides it "shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

The facts are: The firm of Homra Bros. was organized and began business more than twenty years ago. The firm originally was composed of Moses Homra, Kemlin Homra, and A. E. Homra; the latter was the father of Foad A. Homra. A. E. Homra died in 1925, and Foad A. Homra became a member of the firm. On January 1, 1930, Moses Homra withdrew, and thereafter, until January 1, 1932, the firm was composed of Kemlin Homra and Foad A. Homra. The firm dissolved on that date. At that time the business was conducted in two adjoining rooms, one used for men's furnishing goods, the other ladies' ready-to-wear merchandise. Without invoice, Foad A. Homra chose the ladies' ready-to-wear merchandise, leaving the men's furnishing goods belonging to Kemlin Homra; each continued an independent business, Foad A. using the name of Homra Bros. until May 15, 1933, when he made a deed of assignment under section 74, Kentucky Statutes, to Mary Moss Hales.

During Foad A. Homra's business career, from January 1, 1932, until May 15, 1933, he prepared and signed in writing financial statements, and delivered a copy to R. G. Dun & Co., and others, containing schedules of real estate, free of liens, of the value of $15,700, and other property, stating his net worth to be $33,471.86. While he engaged in business alone, he owned an interest in certain real estate in Fulton county, the title to which was in the name of a member of his family who recognized his interest. Seemingly, he held title to no real estate in his own name, and the value of the personal property owned by him at the date of the financial statement is not disclosed. Shortly after furnishing the financial statement, he obtained a deed from his uncle, Kemlin Homra, for the real estate here involved. It was executed June 13, 1932, and recorded September 29, 1932. Within a few days after the deed was executed and delivered to him, he conveyed the real estate to his sister, Victoria Homra. The latter deed was executed July 27, 1932, and recorded September 30, 1932. His sister, Victoria Homra, resided at Steele, Mo. At the date of the deed of assignment, he owed

more than fifty creditors whose debts aggregated $3,000 to $4,000. The invoice value of the stock of merchandise owned by him at that time does not appear in the record. It was sold for $400 by his assignee. The actual consideration he claims his sister paid him for the land was $2,000. On April 19, 1932, Ed Homra loaned Foad A. Homra $1,500. On July 30, 1932, Ed Homra paid him $500, and in this way the $2,000 was paid. Ed Homra was an uncle of Foad A. Homra and Victoria Homra.

The evidence discloses that the real estate conveyed by Foad A. Homra to Victoria Homra was of the aggregate value of $1,800 at the date of his deed to her. Ed Homra testified that he was in charge of the funds and affairs of Victoria Homra, and that he purchased for her Foad A. Homra's interest in the real estate, accepted a deed thereto for her, and paid the $2,000 by checks out of her funds.

He testified two checks were drawn on the Manhattan Savings Bank & Trust Company, Memphis, Tenn., indorsed and delivered by him to Foad A. Homra in payment of the consideration for his interest in the land, and that Foad A. Homra accepted and cashed them, and used the money for his own purposes. Foad A. Homra testified that he received the checks, deposited them, and received the proceeds thereof, and applied same to the payment of his debts. He further testified that at the time he executed and delivered the deed to his sister, Victoria Homra, his total indebtedness to all of his creditors was between $400 and $500. No evidence bearing on the questions in issue is in the record other than that of Ed and Foad A. Homra and J. E. Melton.

The false statement respecting his financial condition or means of ability to pay furnished by Foad A. Homra to R. G. Dun & Co. and others may be considered a violation of section 1213b-1, Kentucky Statutes, which we do not decide. It is very plain that evidence of the violation of this section by the sending of false financial statements is not of itself sufficient to authorize or justify declaring his deed to his sister invalid under either section 1906 or 1907.

The evidence showing the value of the real estate was about $1,800 and he paid therefor $2,000, the deed was not void under section 1907. With his stock

of merchandise on hand, if he only owed $400 or $500, he was not insolvent, and the conveyance of his land is not assailable under section 1906. Aside from this, no evidence was offered tending to prove, when conveying the land to Victoria Homra, she or Ed Homra, who acted for her, had any knowledge of Foad A. Homra's fraudulent intent to cheat, hinder or delay, and defraud his creditors.

There being no evidence contradicting or impeaching or affecting the weight of that of Ed and Foad A. Homra and J. E. Melton, the circuit court properly dismissed the petition and denied the assignee relief.

Wherefore the judgment is affirmed.